UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY LEE KREBS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.:  16cv3096-JLS (BGS)<br><br>**ORDER GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>(ECF No. 3) |

  Presently before the Court is Plaintiff Penny Lee Krebs's Motion to Proceed *In Forma Pauperis* ("IFP"). ("IFP Mot.," ECF No. 3.) Plaintiff has timely filed an action requesting that this Court review the Social Security Administration's ("SSA") denial of benefits. (Compl., ECF No. 1.) Plaintiff argues that the SSA's denial decision was not supported by substantial evidence.

**IFP MOTION**

  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A

federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee.  28 U.S.C. § 1915(a).

In support of her IFP Motion, Plaintiff has submitted an affidavit of her financial status pursuant to 28 U.S.C. § 1915(a)(1) and Civil Local Rule 3.2.  These statements show that Plaintiff currently has $0 in her account and $0 in securities, but during the past twelve months had an average monthly income of $311 from public assistance.  (*See generally* IFP Mot.)  Plaintiff claims that she otherwise has no income and is staying with her parents, who provide her with housing and food.  (*Id.* at 5.)  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

### Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3).  *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In the present case Plaintiff seeks review of her SSA benefits denial. (*See* Compl. 2, ECF No. 1.) Accordingly, and because Plaintiff's complaint was timely filed, the Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Further, Plaintiff alleges that there is no substantial evidence in the record to support the SSA Commissioner's decision, (*id.* at 2), and that the evidence in the record supports only the finding that Plaintiff is and has been continuously disabled as defined in the Social Security Act, (*id.* at 3).

Taking the above information in the light most favorable to Plaintiff, the Court concludes that Plaintiff has pled sufficient factual information to allege a plausible claim for relief. Plaintiff is therefore entitled to U.S. Marshal service on her behalf. 28 U.S.C.

§ 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Motion pursuant to 28 U.S.C. § 1915(a) (ECF No. 3) is **GRANTED**.

2. The Clerk is **DIRECTED** to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the named Defendant. In addition, the Clerk is **DIRECTED** to provide Plaintiff with a certified copy of this Order and a certified copy of her Complaint (ECF No. 1) and the summons so that he may serve the named Defendant. Upon receipt of this "IFP Package," Plaintiff is **DIRECTED** to complete the Form 285 as completely and accurately as possible, and to return it to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying the IFP package.

3. Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the Complaint and summons upon the named Defendant as directed by Plaintiff on the USM Form 285. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. Defendant is thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g) (noting that once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary

determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

     5.    Plaintiff **SHALL SERVE** upon the Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of the document was served on the Defendant, or counsel for Defendant, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

**IT IS SO ORDERED.**

Dated: January 24, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge