UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY LEE KREBS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 16-CV-3096 JLS (BGS)<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>(ECF No. 27) |

Presently before the Court is a Stipulation[1] for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920, (ECF No. 27). The parties have stipulated that Defendant Nancy A. Berryhill will compensate Plaintiff Penny Lee Krebs attorney's fees and expenses in the amount of $4,500.00 pursuant to 28 U.S.C. § 2412(d). (*Id.* at 1.) The parties also stipulated no costs will be awarded pursuant to 28 U.S.C. § 1920. Having considered Plaintiff's arguments and the law, the Court rules as follows.

/ / /

---

[1] The Local Rules provide that "[a]ny stipulation for which court approval is sought must first be filed as a "joint motion." Civ. L. Rule 7.2.b. Titling a motion as a stipulation instead of a joint motion is a harmless error, but the Court encourages the parties to abide by the Local Rules in both form and substance going forward.

## BACKGROUND

On December 27, 2016, Plaintiff filed a Complaint requesting the Court reverse and set aside Defendant's decision against Plaintiff as to her Social Security disability benefits. (ECF No. 1.) The parties filed cross-motions for summary judgment, which were referred to Magistrate Judge Bernard G. Skomal. Judge Skomal issued a Report and Recommendation ("R&R") recommending the Court grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion, and remand the case for further administrative proceedings. (ECF No. 25.) This Court adopted the R&R on March 20, 2018 and remanded the case to the Social Security Administration. (ECF No. 26.) On May 2, 2018, Plaintiff filed the present motion.

## LEGAL STANDARD

The EAJA provides, in relevant part,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The prevailing party must file an application within thirty days of final judgment. § 2412(d)(1)(B). That application must show that the party is a prevailing party, is eligible to receive an award under this subsection, the amount sought, which includes an itemized statement stating the actual time spent and the rate that the fees and expenses were computed. *Id.*

## ANALYSIS

28 U.S.C. § 2412(d)(1)(B) provides that an application for fees must be filed "within thirty days of final judgment." The EAJA further defines final judgment as "a judgment that is final and *not appealable*." § 2412(d)(2)(G) (emphasis added). The first issue is

what constitutes a final judgment. Under 42 U.S.C. § 405(g), there are two types of remands of Social Security cases. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007). The first type is a "sentence-four" remand, which refers to the fourth sentence of § 405(g). "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.'" *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C. § 405(g)). The second type is a "sentence-six" remand, which refers to the sixth sentence of § 405(g) and arises when the district court "does not rule in any way as to the correctness of the administrative decision. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). Thus, a sentence-four remand becomes a final judgment when the district court affirms, modifies, or reverses the administrative decision. *Id.* at 101–02. A sentence-six remand becomes a final judgment when the "postremand proceedings are completed[] [and] the Secretary returns to court." *Id.* at 102.

The second issue is when the final judgment is no longer appealable. Once the judgment becomes final—for either a sentence-four and sentence-six remand—the timing to apply for EAJA fees is identical. "[I]n both [remand types] the claimant must file within 30 days after the *appeal period* provided for in [Federal Rule of Appellate Procedure] 4(a) has run." *Hoa Hong Van*, 483 F.3d at 607 (citing *Melkonyan*, 501 U.S. at 102; and *Shalala v. Schaefer*, 509 U.S. 292, 298, 302 (1993); and *Akopyan v. Barnhart*, 296 F.3d 852, 857 (9th Cir. 2002); and *Yang v. Shalala*, 22 F.3d 213, 215–16 (9th Cir. 1994)). Federal Rule of Appellate Procedure 4(a)(1)(B) provides for a 60-day appeal period in cases in which the United States is a party or a United States officer or employee is sued in an official capacity. Thus, "a judgment in an [Supplemental Security Income] case is 'no longer appealable' or 'not appealable' when the 60-day post-judgment appeal period has run. *Id.* (citing *Melkonyan*, 501 U.S. at 102; and *Barry v. Bowen*, 825 F.2d 1324, 1327 (9th Cir.

1987).

Here, Magistrate Judge Skomal determined that the Social Security Administration's Administrative Law Judge ("ALJ") erred by improperly rejecting Plaintiff's subjective testimony and improperly rejecting the opinions of Plaintiff's treating doctors. (*See* ECF No. 26, at 3 (summarizing R&R findings).) Judge Skomal also determined that the ALJ's error was not harmless and recommended the case be remanded back to the Social Security Administration. (ECF No. 25, at 20–21.) Because no party objected to the R&R, this Court applied a "clear error" standard of review to the R&R and adopted it in its entirety. (ECF No. 26.) The Court remanded the case back to the Social Security Administration. This Court did not explicitly specify whether the remand was pursuant to sentence-four or sentence-six; however, Judge Skomal's R&R clearly found the ALJ erred in its decision to deny Plaintiff benefits. Accordingly, the remand was pursuant to the fourth sentence of § 405(g) and not the sixth sentence.

The Court remanded the case on March 20, 2018, (ECF No. 26). The EAJA's 30-day filing period will not begin to run until after the 60-day appeal period has passed. *See Hoa Hong Van*, 483 F.3d at 612. Here, the appeal period ends May 21, 2018.[2] Plaintiff's motion for attorney's fees is not timely until May 21, 2018. Therefore, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Attorney's Fees. The Court also notes that Plaintiff did not comply with the requirements of 28 U.S.C. § 2412(d)(1)(B), which requires an itemized statement with actual time expended, the rate at which fees and other expenses were computed, and allege that the position of the United States was not substantially justified. The Court recognizes that the parties stipulated to the fee and that Plaintiff signed a representation agreement with Plaintiff's counsel for 25% of her past due benefits. (*See* ECF No. 27-1.) Any future filings should comply with the EAJA or explain

---

[2] The Federal Rules of Appellate procedure calculate time by excluding the first day of the trigger event (March 20, 2018), and count every intermediate day, including the last day of the period. If the last day of the period falls on a weekend or holiday then the period runs until the first business day. Fed. R. App. P. 26(a). Here, the 60th day runs May 19, 2018, which is a Saturday. Thus, the appeal period ends the following Monday—May 21, 2018.

why Plaintiff's circumstances justify departing from the plain text of the statute.

## CONCLUSION

As stated above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion, (ECF No. 27). Plaintiff may re-file her motion in accordance with 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

Dated: May 3, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge