UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY LEE KREBS,<br><br>                          Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                         Defendant. | Case No.: 16-CV-3096 JLS (BGS)<br><br>**ORDER GRANTING JOINT MOTION FOR ATTORNEY'S FEES**<br><br>(ECF No. 31) |

Presently before the Court is Plaintiff Penny Lee Krebs's Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920, (ECF No. 31). The parties have stipulated that Defendant Nancy A. Berryhill will compensate Plaintiff Penny Lee Krebs' attorney's fees and expenses in the amount of $4,500.00 pursuant to 28 U.S.C. § 2412(d). (*Id.* at 1.) The parties also stipulated no costs will be awarded pursuant to 28 U.S.C. § 1920. Having considered Plaintiff's arguments and the law, the Court rules as follows.

**BACKGROUND**

On December 27, 2016, Plaintiff filed a Complaint requesting the Court reverse and set aside Defendant's decision denying Plaintiff her Social Security disability benefits. (ECF No. 1.) The parties filed cross-motions for summary judgment, which were referred

to Magistrate Judge Bernard G. Skomal. Judge Skomal issued a Report and Recommendation ("R&R") recommending the Court grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion, and remand the case for further administrative proceedings. (ECF No. 25.) This Court adopted the R&R on March 20, 2018 and remanded the case to the Social Security Administration. (ECF No. 26.) Plaintiff originally filed a motion for attorney's fees on May 2, 2018, (ECF No. 27), which the Court denied without prejudice as premature, (ECF No. 28). On June 18, 2018, Plaintiff filed the present motion requesting attorney's fees.

## LEGAL STANDARD

The EAJA provides, in relevant part,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The prevailing party must file an application within thirty days of final judgment. § 2412(d)(1)(B). That application must show that the party is a prevailing party, is eligible to receive an award under this subsection, and the amount sought, which includes an itemized statement stating the actual time spent and the rate that the fees and expenses were computed. *Id.*

## ANALYSIS

28 U.S.C. § 2412(d)(1)(B) provides that an application for fees must be filed "within thirty days of final judgment." The EAJA further defines final judgment as "a judgment that is final and *not appealable*." § 2412(d)(2)(G) (emphasis added). Judgment in a Supplemental Security Income case is no longer appealable when the 60-day post-judgment appeal period has run. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th

Cir. 2007) (citing *Melkonyan* v. *Sullivan*, 501 U.S. 89, 102 (1991); and *Barry v. Bowen*, 825 F.2d 1324, 1327 (9th Cir. 1987); *see also* Fed. R. App. P. 4(a). This Court previously denied Plaintiff's motion for attorney's fees because it determined that Plaintiff had not waited until the final judgment was "not appealable." (ECF No. 28, at 3–4.) The Court then found that the appeal period in this case ends May 21, 2018, (*id.* at 4), and denied without prejudice Plaintiff's motion as premature, (*see id.*) Plaintiff's present Motion is now timely because it was filed after the appeal period ended on May 21, 2018, but before the EAJA's 30-day filing period ran, i.e., thirty days after May 21, 2018.

"Under the EAJA, attorneys' fees are to be awarded to a party winning a sentence-four remand unless the Commissioner shows that his position with respect to the issue on which the district court based its remand was 'substantially justified.'" *Ulugalu v. Berryhill*, No. 17-cv-1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)). Here, Defendant has stipulated to the attorney's fees and does not argue that the prevailing party's position was substantially unjustified. The Court agrees with the parties that fees are warranted.

The amount of fees awarded are based upon prevailing market rates for the kind and quality of the services provided. 28 U.S.C. § 2412(d)(2)(A). Such fees, however, shall not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit's 2017 hourly rate, factoring in cost of living, was $196.79. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039, (last visited June 18, 2018).

Here, Plaintiff requests attorney's fees and calculated the hourly rate at $190.89 per hour and paralegal fees at a rate of $125 per hour. (*See* ECF No. 31-2.) Thus, the hourly rate falls under the Ninth Circuit's EAJA 2017 benchmark. Next, Plaintiff's counsel expended 21.7 attorney hours and 3.5 paralegal hours. (*See id.*) The Court finds both the

hourly rate and the hours expended to be reasonable. *Cf. Ulugalu*, 2018 WL 2012330, at *3–4 (approving hourly rate of $196.79, with 25.3 attorney hours and 9.9 paralegal hours worked). As previously noted, Defendant stipulated to the attorney's fees. The Court finds Plaintiff's attorney's fees to be reasonable.

## CONCLUSION

Good cause appearing, the Court **GRANTS** Plaintiff's Joint Motion, (ECF No. 31). Accordingly, the Court **AWARDS** attorney's fees to Plaintiff in the amount of $4,500.00 and no costs.

**IT IS SO ORDERED.**

Dated: June 21, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge